[No. 32069.   Department One.   November 6, 1952.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS
HALL, *Appellant.*[1]

[1]Reported in 249 P. (2d) 769.

*Ralph A. Horr,* for appellant.

*Charles O. Carroll* and *Edward M. Bensussen,* for respondent.

GRADY, J.—The appellant was convicted of the crime of having in his possession cannabis americana, a narcotic drug commonly known as marijuana.

The assignments of error in connection with the arguments in support thereof present two questions: (1) whether there was a fatal variance between the charge in the information and the proof thereof in that the former alleged possession of cannabis americana and the latter established possession of cannabis sativa; (2) whether proof of the commission of a different crime than charged was improperly submitted by the state.

The information reads as follows:

"He, the said Tom Hall in the County of King, State of Washington, on or about the 16th day of July, 1951, willfully, unlawfully and feloniously did have in his possession a certain narcotic drug, to-wit: cannabis americana, commonly known as marijuana, without having any lawful order or prescription so to do;"

The statute alleged to have been violated is Rem. Rev. Stat., § 2509-3, the material part of which is as follows:

"It shall be unlawful for any person to sell, furnish, or dispose of, or have in his possession with intent to sell, furnish, or dispose of any narcotic drug or drugs, except·upon the written and signed prescription of a physician regularly licensed to practice medicine and surgery . . ."

Section 2 of chapter 47 of the Laws of 1923, p. 133 (Rem. Rev. Stat., § 2509-2) defines "narcotic drugs" to be:

"The term narcotic drugs wherever used in this act shall be deemed and construed to mean and include opium, morphine, cocaine, alkaloid cocaine, cocoa leaves, or alpha or beta eucaine, heroine, codeine, dionin, cannabis americana, cannabis indica and other salts, derivatives, mixtures or preparations of any of them."

(Reference is made to the session laws because in the code section a comma appears between the words "cannabis" and "americana.")

One of the expert witnesses testified he had made an analysis of the plant found growing on the premises of appellant and that it showed the plant to be marijuana, which was a narcotic drug, and its technical name was "cannabis sativa." Appellant contends that inasmuch as the statute makes no mention of marijuana or cannabis sativa, and there being no showing that the latter is the same thing as cannabis americana, the evidence was insufficient to sustain a conviction, citing *People v. Sowrd*, 370 Ill. 140, 18 N. E. (2d) 176, 119 A. L. R. 1396. The statute of Illinois does not make possession of marijuana a criminal offense unless it is of the specific quality and kind defined thereby. The statute makes it unlawful to possess cannabis and defines that word. The court decided the evidence did not establish the narcotic drug defendant had in his possession was one which the statute prohibited.

■ . Our statute is much more broad than that of Illinois. It includes both cannabis americana and cannabis indica. Cannabis sativa includes both of these drugs. Cannabis sativa is the parent plant and is known in America as cannabis americana and in India as cannabis indica. The common name is marijuana. A very complete discussion of the subject, including statutory definitions in some states and the definitions given by many authorities, is found in the case of *State v. Navaro*, 83 Utah 6, 26 P. (2d) 955. We are in accord with the views expressed by that court.

■ We are of the opinion that the information charged a crime under our statute, and that the proof established

that the narcotic drug possessed by appellant was cannabis americana.

The defense tendered by appellant was that he had been living less than a year on a small piece of land which had theretofore been abandoned; that he cultivated berries thereon; that what subsequently developed to be marijuana plants grew on the property; that he did not know what they were; that he had asked several persons in the neighborhood about the plants, but received no information that made known to him such plants were marijuana. The appellant was not a witness in his own behalf. He called two witnesses, who gave testimony supporting his claim that he did not know that the plants were marijuana.

In rebuttal, the state called as a witness a Federal narcotic inspector and inquired of him when he first met appellant, to which he responded that it was about May 17, 1938. Counsel for appellant anticipated that the state was laying a foundation to prove he had formerly been arrested or convicted on a charge of possession of narcotics, and made an appropriate objection. The court determined that the purpose of the inquiry was to show that appellant knew what marijuana was, because on May 17 and May 25, 1938, the witness had purchased marijuana from him in the form of cigarettes. Appellant urged that, in addition to seeking to establish the commission of an offense other than the one charged, an attack was being made upon his veracity when he had not testified as a witness, and that the state was making an attack upon his character and reputation when they were not an issue; also that if limited to knowledge, the time referred to by the witness was too remote. The court permitted the state to ask the witness if in 1938 he purchased marijuana from appellant, and the witness gave an affirmative answer.

Just prior to the instructing of the jury, counsel for appellant stated to the court that he considered intent one of the elements of the offense. He requested the court to give the following instruction:

"You are instructed that intent is one of the elements of a crime. In order to find a defendant guilty, it is incumbent

upon the state to prove the defendant secured possession of the narcotics with intent to use same unlawfully."

The court refused to give the instruction upon the ground that its proposal came too late. (Rule 13 of Superior Courts, 34A Wn. (2d) 115.) In its instructions, the court informed the jury that in order to convict appellant of the crime charged the state was required to prove beyond a reasonable doubt that he willfully, unlawfully and feloniously had in his possession cannabis americana, commonly known as marijuana, and that he had such narcotic drug in his possession unlawfully, the same having been unlawfully acquired by him. When the jury retired, the trial judge stated that he was sorry counsel did not submit an instruction on intent; that he was not certain that one was necessary, but he certainly would have given one. Counsel responded that it was his fault. Counsel was then asked if he had any exceptions to the instructions that were given, and he replied in the negative.

We have set forth the chronological state of events occurring at the trial to illustrate the difficulty we encounter in determining just what theory appellant is relying upon. The appellant presents argument and cites authorities upon his second assignment of error, and then urges that the evidence which he claims was inadmissible and prejudicial was irrelevant and improper because knowledge or intent are not elements of the crime with which he was charged.

We think the two positions taken are inconsistent with each other. The case was tried by both the state and the appellant upon the premise that he knew the plants found growing on his premises were marijuana plants. The information charged that the possession was willful, which imports knowledge. The court in its instructions informed the jury willfulness was an element of the offense charged. The court indicated that it would have given a specific instruction upon intent as an element of the offense if it had been timely requested. No exceptions were taken to the instructions. All parties seem to have regarded the terms

"willfulness," "intentional," and "knowledge" as being of the same import.

■ In the somewhat confused state of the record we have before us, we must conclude the issue of knowledge that the plant possessed by appellant was cannabis americana was tendered by both the state and appellant as an element of the offense charged. The issue, having been submitted to the jury without exception, is now the law of the case on this appeal. We have pronounced this to be the rule so often that citation of authority should not be necessary, but what we said on the subject in *Scholz v. Leuer*, 7 Wn. (2d) 76, 109 P. (2d) 294, is applicable to this case.

■ We agree with appellant that as a general rule evidence of the commission of a crime other than the one with which a defendant is charged is not admissible, and if violated a new trial must be granted. To this rule there are many exceptions, one of which is that when knowledge or intent is an element of the crime charged, evidence that the defendant had previously committed a like or related offense is relevant in aid of proof of such fact. There appears to be no difference of opinion about the rule and such exception, but the courts find difficulty and often seemingly disagree upon their application.

The appellant cites *State v. Goebel,* 36 Wn. (2d) 367, 218 P. (2d) 300. To this citation we add *State v. Kritzer*, 21 Wn. (2d) 710, 152 P. (2d) 967, and *State v. Meyer*, 37 Wn. (2d) 759, 226 P. (2d) 204. None of these cases is factually in point, but they do state applicable principles of law.

■ It is our opinion that when appellant asserted lack of knowledge that the plants growing on his premises were marijuana, it was then proper for the state to show that he knew what marijuana was, so that the jury might properly infer that he knew what kind of plants he was growing. If it can be said that this evidence tended to establish that he at some former time had committed the offense of having marijuana in his possession, or in his possession with intent to sell the same, then it was relevant under the exception to the general rule. It is clear to us that it was not admitted

for impeachment purposes, nor as any attack upon the reputation, character or veracity of appellant.

This case presents somewhat the same problem as we found when deciding *State v. Meyer, supra,* in which we said:

"Our attention is called to what was said in this respect in *State v. Goebel,* 36 Wn. (2d) 367, 218 P. (2d) 300. There is danger in jury trials, when evidence is admitted that may be proper for one purpose but improper for other purposes, but that is not necessarily a reason why it should be excluded. The trial court must exercise its discretion, and an appellate court will not hold reversible error has been committed unless it can be said that the danger of withdrawing that protection the law accords to a defendant on trial by the introduction into the trial of a confusing element is great as compared with the advantage given to the prosecution by the admission of the evidence. This is the theory of the *Goebel* case."

The appellant urges that the proof of possession and sale of marijuana cigarettes by him in 1938 was too remote in point of time to have any relevancy upon the question of his knowledge that the plants growing on his premises were marijuana plants. Ordinarily, when knowledge is sought to be shown by previous acts and conduct, they must be of recent occurrence compared with the date of the offense charged. This rule was referred to in *State v. Ball,* 153 Wash. 316, 279 Pac. 735, which was a prosecution for possession of narcotic drugs with intent to sell. We do not think, however, that it can be said that the remoteness of time in this case was a bar to the admissibility of the evidence. Knowledge of what is marijuana when once acquired is not likely to be forgotten. The record shows that in the small area of acreage cultivated there were approximately 130 marijuana plants growing, and from the manner in which they were planted and cultivated the jurors were justified in believing that if appellant had in his possession and had sold marijuana cigarettes he knew what kind of plants he was raising and cultivating. We find nothing prejudicial because of the remoteness of time.

■    We are of the opinion that when the court permitted the narcotic inspector to state that he had purchased marijuana cigarettes from appellant, the court should have then informed the jury that such evidence was being received for the limited purpose of proving knowledge that the cannabis americana growing on his premises was marijuana. The reason why such information should be given is fully discussed in *State v. Goebel, supra,* and its propriety is suggested in *State v. Ball, supra.* We do not understand, however, that the cautionary instruction is always required or that it is necessarily prejudicial not to give such instruction. Our examination of the record satisfies us that the jury must have understood from the nature of the defense and of the evidence itself that it had no bearing on any other question in the case than that of knowledge on the part of appellant that the plants he was growing were marijuana plants. We therefore conclude that the failure of the court to specifically inform the jury the purpose of the evidence received was not prejudicial.

The judgment is affirmed.

MALLERY, HAMLEY, DONWORTH, and WEAVER, JJ., concur.