[No. 38840. Department One. February 23, 1967.]
THE STATE OF WASHINGTON, *Respondent*, v. HOWARD
RICHARD RUSSELL, *Appellant*.*

*Jerald E. Olson,* for appellant (Appointed counsel for appeal).

*Charles O. Carroll* and *Neal J. Shulman,* for respondent.

HILL, J.—The defendant, Howard R. Russell, was found guilty on two counts of first-degree forgery predicated on his attempts to cash what purported to be two payroll checks of Traylor-Pamco, a construction company, each in the sum of $205.51, each payable to the order of Ted Walton, and each bearing the forged signature of C. W. Phillips, as the representative of Traylor-Pamco. These checks were exhibits Nos. 1 and 2.

*Reported in 424 P.2d 639.

There is no contention but that the evidence is ample to sustain the conviction.

There are two issues raised on this appeal which relate to the admission of two other Traylor-Pamco payroll checks (exhibits Nos. 3 and 4), each payable to the order of the defendant, and each bearing the forged signature of C. W. Phillips, as the representative of Traylor-Pamco. The testimony by the booking officer at the King County jail was that exhibits Nos. 3 and 4 were found in the pocket of the defendant's coat, which had been delivered to the booking officer with the defendant's other personal effects at the time he was brought into the jail.

It is urged, first, that these exhibits were not admissible because there had been a "break in the chain of evidence."

The suggestion that either the arresting officer or the booking officer (both of whom testified that no one else was present at the booking) had put the checks, admitted as exhibits Nos. 3 and 4, in the defendant's coat pocket does not rise even to the dignity of a suspicion.

The defendant further complains that the officer did not put an identifying mark on the checks at the time of discovery, hence he would not be able to tell that they were the same checks that he had removed from the defendant's coat pocket.

■ What we said in *Allen v. Porter,* 19 Wn.2d 503, 508, 143 P.2d 328 (1943), is apropos:

> An exhibit is admissible, so far as identity is concerned, when it has been identified as being the same object about which the testimony was given and when it is stated to be in the same condition as at the time of the occurrence in question. It is not necessary to negative the possibility of an opportunity for tampering with an exhibit, nor to trace its custody by placing each custodian upon the witness stand. . . . The statement that the exhibit is the identical object and that it is in the same condition as of the time of the occurrence, while making the exhibit admissible, does not, of course, preclude the right to rebut these statements.

No rebuttal was offered, and exhibits Nos. 3 and 4 were properly admitted on the basis of the testimony of the booking officer.

It is next urged that these checks (exhibits Nos. 3 and 4) constituted evidence of another and different crime than that charged and, hence, were not admissible.

A discussion of the rule relied on by the defendant, the reasons behind it, and the exceptions to it will be found in the two *Goebel* cases.[1] There is no necessity to repeat that discussion here.

■ Suffice it to say that exhibits Nos. 3 and 4 were offered and admitted to prove a common scheme, plan, or design, and also to help establish identity. They were properly admitted for the purposes indicated. *State v. Eichman,* 69 Wn.2d 327, 418 P.2d 418 (1966); *State v. Vindhurst,* 63 Wn.2d 607, 388 P.2d 552 (1964); *State v. Sayward,* 63 Wn.2d 485, 387 P.2d 746 (1963); *State v. Evans,* 57 Wn.2d 288, 356 P.2d 589 (1960); *State v. Johnson,* 56 Wn.2d 700, 355 P.2d 13 (1960); and *State v. Jeane,* 35 Wn.2d 423, 213 P.2d 633 (1950).

Nor is this a situation, as in the first *Goebel* case, where the "minute peg of relevancy" was "entirely obscured by the dirty linen hung upon it." Here, the peg of relevancy was large and readily observable through the diaphanous material hung upon it.

The judgment and sentence appealed from is affirmed.

FINLEY, C. J., ROSELLINI and HUNTER, JJ., and BARNETT, J. Pro Tem., concur.

May 3, 1967. Petition for rehearing denied.

■

[1] *State v. Goebel,* 36 Wn. 2d 367, 218 P.2d 300 (1950); and 40 Wn.2d 18, 240 P.2d 251 (1952).