[No. 833-3.    Division Three.    November 19, 1973.]

THE STATE OF WASHINGTON, *Respondent,* v. COLLIN PARKER, *Appellant.*

Richard L. Cease, Public Defender, and Byron G. Powell, Assistant, for appellant.

Donald C. Brockett, Prosecuting Attorney, C. J. Merritt, Jr., and Steven Levy, Deputies, for respondent.

GREEN, C.J.—Defendant appeals a jury conviction on two counts of delivery of a controlled substance, marijuana.

The conviction was based upon evidence showing that an undercover narcotics agent purchased marijuana from the defendant at his residence on two different days. The purchased items were admitted into evidence as exhibits Nos. 1 and 2.

First, defendant contends that exhibits Nos. 1 and 2 should not have been admitted. He asserts there was insufficient evidence to show these exhibits were the actual substances purchased by the undercover agent because they were not properly marked, segregated, or controlled.

This error is raised for the first time on appeal. At no time prior to or during the trial did the defendant object to these exhibits based upon failure by the plaintiff to establish the proper chain of evidence. The only objection to the admission of exhibits Nos. 1 and 2 was based upon the claimed lack of qualification of plaintiff's expert witness who testified that in his opinion the exhibits were marijuana. A party objecting to evidence must designate the particular portion of the evidence to which he objects and state why the evidence is improper, so as to afford the party offering the evidence an opportunity to obviate the objection or waive the testimony. The objection may not be urged here, not having been presented to the trial court. *Sepich v. Department of Labor & Indus.*, 75 Wn.2d 312, 450 P.2d 940 (1969); *Presnell v. Safeway Stores, Inc.*, 60 Wn.2d

671, 374 P.2d 939 (1962); *State v. Farley,* 48 Wn.2d 11, 290 P.2d 987 (1955), *cert. denied,* 352 U.S. 858, 1 L. Ed. 2d 65, 77 S. Ct. 79 (1956); *State v. Roby,* 43 Wn.2d 652, 263 P.2d 273 (1953); *Rowe v. Dixon,* 31 Wn.2d 173, 196 P.2d 327 (1948); *Kull v. Department of Labor & Indus.,* 21 Wn.2d 672, 152 P.2d 961 (1944); *Palmer v. Massey-Ferguson, Inc.,* 3 Wn. App. 508, 476 P.2d 713 (1970).

■ Furthermore, our examination of the record discloses ample evidence that exhibits Nos. 1 and 2 were in fact purchased from defendant. There is no evidence that these exhibits were altered, either as to identity or condition. While the identity and condition of an exhibit are always subject to rebuttal, it is not necessary for the admitting party to negate every possibility of tampering with an exhibit. *State v. Russell,* 70 Wn.2d 552, 424 P.2d 639 (1967). An exhibit is admissible when it has been identified as being the same object about which the testimony was given and when it is stated to be in the same condition as at the time of the occurrence in question. *Allen v. Porter,* 19 Wn.2d 503, 143 P.2d 328 (1943); *State v. Russell, supra.* The value of a witness' identification of an exhibit goes to its weight, and not to its admissibility. *State v. Knott,* 6 Wn. App. 436, 493 P.2d 1027 (1972); *State v. Jackson,* 1 Wn. App. 90, 459 P.2d 414 (1969); *State v. Spadoni,* 137 Wash. 684, 243 P. 854 (1926).

■ Defendant's second assignment of error challenges the qualifications of the prosecution's expert witness who identified exhibits Nos. 1 and 2 as cannabis sativa, marijuana, a controlled substance. Whether a witness is qualified to express an expert opinion lies within the sound discretion of the trial court. *State v. Tatum,* 58 Wn.2d 73, 360 P.2d 754 (1961); *State v. Tretton,* 1 Wn. App. 607, 464 P.2d 438 (1969). No abuse of that discretion has been shown in this case. Furthermore, once the basic requisite qualifications of an expert are shown, any claimed deficiencies go to the weight rather than to the admissibility of the testimony. *Palmer v. Massey-Ferguson, Inc., supra.* In this case, the expert's qualifications were adequately shown.

The defendant contends the expert's opinion was deficient because he could not differentiate between three types of cannabis. The court did not err in permitting the expert witness to express his opinion that exhibits Nos. 1 and 2 were marijuana merely because the expert witness could not differentiate between three types of cannabis. It is not necessary to distinguish the three. Marijuana, defined as "Cannabis sativa L." in RCW 69.50.101(n), includes all the varieties of marijuana. *State v. Hall,* 41 Wn.2d 446, 249 P.2d 769 (1952); *State v. Romero,* 74 N.M. 642, 397 P.2d 26 (1964); *United States v. Moore,* 330 F. Supp. 684 (E.D. Pa. 1970), *aff'd,* 446 F.2d 448 (3d Cir. 1971), *cert. denied,* 406 U.S. 909, 31 L. Ed. 2d 820, 92 S. Ct. 1617 (1972).

Finally, defendant contends the evidence was insufficient as a matter of law to sustain a conviction. In view of our holding with respect to the other two assignments of error, we find no merit to this contention.

Judgment affirmed.

MUNSON and MCINTURFF, JJ., concur.