[No. 45204-5-I. Division One. February 20, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. DIONTE POGUE, *Appellant*.

*Richard R. Tassano* and *Sarah McNeel Hrobsky* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Stacie Ann Summerhill, Deputy*, for respondent.

BECKER, A.C.J. — This appeal arises from appellant Dionte Pogue's conviction for possession of cocaine. His

defense was that he did not know there were any drugs in the car he was driving when police stopped him for a traffic violation. The trial court allowed the State to elicit Pogue's admission that he had possessed cocaine in the past. The court ruled the evidence was relevant to rebut Pogue's unwitting possession defense and the suggestion that the police might have planted the drugs. Because the evidence had no relevancy apart from propensity, it was inadmissible under ER 404(b). As the error was not harmless, the conviction must be reversed.

On an afternoon in March of 1999, Dionte Pogue was driving his sister's Cadillac after dropping her off at work. Pogue drove by two parked police cars. Officer Traverso, who was sitting in one of the cars with a student officer, said Pogue caught his attention because he put his hand up as if to shield his face. According to the officer, Pogue then turned without signaling.

The officer, pulling out to pursue Pogue, activated his lights first, and when Pogue did not pull over, his siren. After being followed by the police for a few blocks, Pogue turned into the driveway of his grandmother's house where he was living at the time, and got out of the car.

Officer Traverso got out of his car and frisked Pogue for weapons. Pogue told the officer that he did not stop immediately because his license was suspended and also because he did not want to get his sister's car impounded. After confirming that Pogue's license was suspended, Officer Traverso placed him under arrest for driving with a suspended license and refusal to stop. After waiving his *Miranda* rights, Pogue repeated that his reason for not stopping was that the car was not his and he wanted to avoid impound.

While Pogue was in the police car, Officer Traverso searched the Cadillac. Officer Traverso testified that the car was cluttered with fast food bags, and while conducting the search he got some food on his hands. He went back to his car to wipe his hands and told his student officer, McCann, to have a look through the car. Searching between the front

seat cushions, McCann found a clear plastic bag containing what appeared to be crack cocaine. Several papers bearing Pogue's name were also found in the car. The substance in the bag tested positive for cocaine and weighed approximately 13 grams.

The State charged Pogue with possession of cocaine. At trial, Pogue testified in his own defense. He said the cocaine was not his and that he had no idea that it was in his sister's car. He also said that he had $500 cash in his pocket for his rent at the time of his arrest. He said Officer Traverso removed the money from his pocket when he searched him, but when he was released from jail he got back only $24 that had been in another pocket.

On cross-examination, Pogue said that he had previously been in the car as a passenger, but had not driven the car before the day he was arrested. He reiterated that he had never seen the cocaine that was found in the car before the officers located it. This testimony followed:

Q Okay. Now, you are not suggesting that it belongs to your sister?

A No, it's not—that wasn't in the car when he first searched me. He was through with his search. The second time when that other officer went in there, all of a sudden it came up out of that car.

Q How do you know this wasn't in the car before it was searched?

A Because he would have had it the first time he searched the car.

Q But you don't really know that, do you? Let me ask you this.

A He said it, and I am saying it.

Q Had you searched the car that day?

A No, I didn't.

Q This isn't your car?

A Right.

Q So you don't really know what's in the car, do you?

A No, I don't.

Q Did you see the officer put the drugs in the car?

A No, I didn't.

Later, outside of the presence of the jury, the State sought permission to admit Pogue's 1992 conviction for delivery of cocaine. According to the State, the prior conviction, while otherwise inadmissible under ER 404(b), was admissible to rebut the implied material assertion that the evidence was planted by the police. Over Pogue's objection, the court ruled that the evidence met the threshold of relevancy: "whether he has prior involvement with cocaine particularly is certainly relevant to whether it's probable that the cocaine is his."

The court also agreed with the State that the evidence was relevant to rebut Pogue's insinuation that the police planted the drugs: "I think I would be less inclined to admit it if unwitting possession wasn't an issue here, and if there hadn't been testimony with regard to the way in which the cocaine ended up in the car and the alleged misconduct of Officer Traverso." The court decided to limit the prejudice of the evidence by allowing the State to ask only whether Pogue had experience with cocaine and whether he had possessed it in the past.

After the jury returned, on recross, the prosecutor asked Pogue: "it's true that you have had cocaine in your possession in the past, isn't it?" Pogue answered, "yes."

The jury found Pogue guilty and he was sentenced to five months of incarceration.

Pogue argues the trial court erred in allowing the State to inquire into his past possession of cocaine. At oral argument, the State conceded that the admission of the evidence was error and that the error was not harmless. For the reasons stated in this opinion, we accept the State's concession as well taken.

■ Evidentiary rulings will not be disturbed on appeal absent an abuse of discretion. *State v. Lane*, 125 Wn.2d 825, 831, 889 P.2d 929 (1995). Evidence Rule 404(b) governs the admission of prior bad acts. The rule prohibits evidence of

prior acts for the purpose of showing a propensity to commit such acts, but allows its admission for other limited purposes:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

ER 404(b).

 If the only relevancy is to show propensity to commit similar acts, admission of prior acts may be reversible error. For example, in *State v. Wade*, 98 Wn. App. 328, 989 P.2d 576 (1999), in Wade's trial for possession with intent to deliver, the court allowed the State to introduce evidence of two prior instances of drug dealing to show Wade's intent. The conviction was reversed. The appellate court held that the prior instances of drug dealing demonstrated intent only through an inference of propensity: because the defendant had the intent in the past, he therefore had the same intent when committing the crime charged. *Wade*, 98 Wn. App. at 336.

Here, the trial court reasoned that Pogue's assertion of the defense of unwitting possession raised the issue of knowledge, and therefore the evidence was probative for a nonpropensity reason, that is, to demonstrate his knowledge about cocaine. But this was not a case where the defendant claimed he did not realize the substance in the bag was an illegal drug. Pogue's defense was that he did not even know the bag was in the car on the day he was stopped. The only logical relevance of his prior possession is through a propensity argument: because he knowingly possessed cocaine in the past, it is more likely that he knowingly possessed it on the day of the charged incident.

The circumstances in which a defendant's prior possession of drugs can be relevant to show knowledge are illustrated by *State v. Weiss*, 73 Wn.2d 372, 438 P.2d 610

(1968). In that case, the defendant was charged with possession after the police found marijuana in the house he was occupying. He denied knowing it was there. Another occupant of the house testified that he and Weiss had smoked marijuana together at the house on previous occasions before Weiss's arrest. The Washington Supreme Court held that this evidence of a prior act was admissible because it tended to show that Weiss did know of the presence of marijuana in the house. *Weiss*, 73 Wn.2d at 377.

Also illustrative is *State v. Hall*, 41 Wn.2d 446, 249 P.2d 769 (1952). Hall, charged with possession of marijuana, defended himself by saying he did not know the plants growing on his property were marijuana plants. The trial court allowed testimony that Hall had previously purchased marijuana from a narcotics inspector. The Supreme Court upheld the admission of the evidence to rebut Hall's assertion that he did not recognize marijuana when he saw it. *Hall*, 41 Wn.2d at 451.

In *Weiss* and *Hall*, there was an independent purpose for admission of the evidence. In *Weiss*, it went to the defendant's knowledge of the presence of marijuana in the house, and in *Hall* it showed that the defendant knew the plants growing on his property were marijuana. Here, however, the evidence had no tendency to show that Pogue knew there was cocaine in his sister's car. Therefore, Pogue's assertion of an unwitting possession defense did not justify the admission of the evidence of his prior possession of cocaine.

The other justification offered by the court for admitting the evidence was to rebut Pogue's assertion that the police planted the drugs. The court commented that the evidence of Pogue's past possession of cocaine would "level the playing field"; without it, the jury would have an incomplete picture and would be left with "no indication that Mr. Pogue even knows what cocaine looks like."

This rationale is unpersuasive. Prior misconduct evidence can be admissible to rebut a defendant's sweeping assertions as to his own good character. *See, e.g., State v.*

*Renneberg*, 83 Wn.2d 735, 737-38, 522 P.2d 835 (1974). But Pogue said nothing to imply that he was not the type of person who would be involved with drugs. We are aware of no cases, and the State does not cite any, supporting a conclusion that a defendant's prior misconduct is admissible to rebut an allegation of police misconduct. The State cites *State v. Brown*, 132 Wn.2d 529, 574, 940 P.2d 546 (1997), *cert. denied*, 523 U.S. 1007 (1998). In *Brown*, evidence of a similar assault by the defendant on another woman was admissible under several exceptions to ER 404(b), including rebuttal of the defendant's claim that the victim's murder was an unplanned, spontaneous act. Here, unlike *Brown*, there is no connection or similarity between the charged crime and the rebuttal evidence.

Evidence that Pogue possessed cocaine in the past does not, in fact, rebut the insinuation that the police planted evidence. The prosecutor rebutted it more logically in cross-examination. She forced Pogue to admit that since the car was not his, and he did not search it himself, he could not say that the drugs were not there when Officer Traverso initially searched the car.

In summary, the question and answer about prior possession should not have been allowed. And the error was not harmless. The admissible evidence of Pogue's guilt consisted of his physical proximity to the cocaine, the fact that some of his papers were in the car, and the fact that he did not stop for several blocks when the police tried to pull him over. From these facts, the jury could have inferred that Pogue knew the cocaine was in the car. But these inferences were not inescapable. The jury could have alternatively inferred that Pogue was unaware of the bag of cocaine, especially since the bag was not obvious to the officer who first searched the car. The jury could have concluded that the papers found in the car were consistent with Pogue's admission that he had been a passenger in his sister's car numerous times before. And they could have believed Pogue's statement that the reason he failed to stop immediately was that he knew his license was suspended

and he wanted to avoid having his sister's car impounded. The erroneous admission of ER 404(b) evidence requires reversal if there is a reasonable probability that the error materially affected the outcome. *State v. Halstien*, 122 Wn.2d 109, 127, 857 P.2d 270 (1993). It is within reasonable probabilities that but for the evidence of Pogue's prior possession of drugs, the jury may have acquitted him. *See State v. Saunders*, 91 Wn. App. 575, 580-81, 958 P.2d 364 (1998) (admission of defendant's prior drug conviction was not harmless where the jury would have been more likely to believe the defendant's unwitting possession defense but for the evidence of the conviction).

Reversed.

GROSSE and COX, JJ., concur.