[No. 21177-7-II. Division Two. July 10, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. LEE C. SAUNDERS, *Appellant*.

*Rodney G. Franzen*, for appellant (appointed counsel for appeal).

*Bernardean Broadous, Prosecuting Attorney*, and *James M. Gilligan, Deputy*, for respondent.

ARMSTRONG, J. — Lee C. Saunders was convicted of possession of methamphetamine and possession of heroin. Saunders contends that his trial counsel was ineffective for eliciting on direct examination his prior conviction for possession of methamphetamine. We agree and, therefore, reverse and remand for a new trial.

## FACTS

Lee Saunders was stopped for speeding in Yelm, Washington. A driver's check alerted the officer that there was an outstanding warrant for Saunders' arrest. After arresting Saunders, the officer searched the vehicle, which was not owned by or registered to Saunders. During the search, the officer found a blue wallet sitting on top of a duffel bag in the backseat of the vehicle. Along with these items, there were some clothes and tools. Saunders testified that the tools and a jeans jacket were his, but that the remainder of the items, including the blue wallet, were not.

Inside the blue wallet were three syringes, a silver-colored spoon with a residue of heroin, a small piece of cotton, and a ziplock bag containing methamphetamine. The officer also found a set of scales among the items in the back seat.

At trial the defense argued that the possession was unwitting. Saunders testified that he is an auto mechanic

and had just finished working on the vehicle and was test-driving it when he was stopped. During Saunders' testimony, his counsel asked if he had any prior convictions for similar offenses. Saunders answered that he had been convicted of possession of methamphetamine in 1990. On cross-examination, the prosecutor established that the conviction actually occurred in 1992.

## ANALYSIS

### *Strickland* Test

■ To demonstrate ineffective assistance of counsel, the defendant must show: (1) that his counsel's performance was deficient, defined as falling below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant, i.e., there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984). Deficient performance is not shown by matters that go to trial strategy or tactics. *State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996).

■ More specifically, where the defendant claims ineffective assistance based on counsel's failure to challenge the admission of evidence, the defendant must show (1) an absence of legitimate strategic or tactical reasons supporting the challenged conduct, *State v. McFarland*, 127 Wn.2d 322, 336, 899 P.2d 1251 (1995); (2) that an objection to the evidence would likely have been sustained, *id.* at 337 n.4; *Hendrickson*, 129 Wn.2d at 80; and (3) that the result of the trial would have been different had the evidence not been admitted, *id.*

First, the record reveals no reasons of tactics or strategy for offering the evidence. Counsel did not challenge the evidence in a pretrial motion and so had no reason to believe the evidence would come in if offered by the State. In fact,

the State had not attempted to prove the conviction in its case. And we can discern no reason from the record why counsel "would not have objected to such damaging and prejudicial evidence." *Id.* at 78.

Second, evidence of the prior conviction would probably have been ruled inadmissible if challenged. Evidence Rule 609 governs the admission of the prior convictions of a witness. Part (a) of the rule provides that prior convictions are admissible "[f]or the purpose of attacking the credibility of a witness in a criminal or civil case." Convictions that are admissible are those for crimes "punishable by death or imprisonment in excess of 1 year under the law under which the witness was convicted" *and* where "the court determines that the probative value of admitting this evidence outweighs the prejudice to the party against whom the evidence is offered." ER 609(a)(1).

▮▮▮ Assuming a challenge to the evidence, the State bears the burden of proving that the probative value of the prior conviction outweighs any prejudice. *State v. Calegar*, 133 Wn.2d 718, 722, 947 P.2d 235 (1997). The trial court is required to balance the following factors on the record: (1) the length of the defendant's criminal record; (2) the remoteness of the prior conviction; (3) the nature of the prior crime; (4) the age and circumstances of the defendant; and (5) the impeachment value of the prior conviction. *State v. Alexis*, 95 Wn.2d 15, 19, 621 P.2d 1269 (1980). But "few prior offenses that do not involve crimes of dishonesty or false statement are likely to be probative of a witness' veracity." *Calegar*, 133 Wn.2d at 723 (quoting *State v. Jones*, 101 Wn.2d 113, 120, 677 P.2d 131 (1984), *overruled on other grounds by State v. Brown*, 111 Wn.2d 124, 761 P.2d 588 (1988)). And there is "nothing inherent in ordinary drug convictions to suggest the person convicted is untruthful and . . . prior drug convictions, in general, are not probative of a witness's veracity under ER 609(a)(1)." *State v. Hardy*, 133 Wn.2d 701, 709-10, 946 P.2d 1175 (1997).

▮▮▮ In addition to evaluating its probative value, the

trial court must weigh the prejudice to the defendant. *Calegar*, 133 Wn.2d at 722. Evidence of a prior conviction is inherently prejudicial when the defendant is the witness because it shifts the jury focus from the merits of the charge to the defendant's general propensity for criminality. *Hardy*, 133 Wn.2d at 710 (quoting *Jones*, 101 Wn.2d at 120). And greater prejudice may result from the nature of the conviction; the more similar the prior crime to the one presently charged, the greater the prejudice. *Hardy*, 133 Wn.2d at 711. Here, the prior conviction was for possession of methamphetamine, an ordinary drug conviction not probative of Saunders' veracity, and the same crime for which he was being prosecuted. Although *Calegar* and *Hardy* had not been decided at the time of Saunders' trial, the path to their results had been sufficiently marked by *Jones*, 101 Wn.2d 113, *Alexis*, 95 Wn.2d 15, and *State v. King*, 75 Wn. App. 899, 878 P.2d 466 (1994), to alert defense counsel that evidence of the conviction was probably inadmissible. *McFarland*, 127 Wn.2d at 337 n.4. Here, counsel not only failed to object, he brought out the conviction himself. In doing so, counsel's performance fell below an objective standard of reasonableness.

Prejudice

 The prejudicial effect of a prior drug conviction is viewed against the backdrop of the evidence in the record. *Hendrickson*, 129 Wn.2d at 80 (no prejudice where overwhelming evidence of guilt).

Here, the evidence against Saunders was not overwhelming. The defense was unwitting possession and Saunders' credibility was a key issue.[1] The car was not his; he testified that he was working on the vehicle and that only some of the items in the back seat were his. Thus, if the jury believed that the wallet did not belong to Saunders, it could

---

[1]The officer testified that Saunders claimed everything in the vehicle except the blue wallet, including a set of scales and the clothing in the back seat. Saunders testified that the only items that he told the officer he owned were some tools, which he was using to work on the car, and a jeans jacket.

have accepted his unwitting possession defense. We find that there is a reasonable probability that the outcome would have been different but for the introduction of Saunders' prior conviction. *Strickland*, 466 U.S. at 694; *see also Hardy*, 133 Wn.2d at 712-13.[2]

Because the introduction of Saunders' prior conviction on direct examination constituted ineffective assistance of counsel, we reverse and remand for a new trial.

MORGAN and SEINFELD, JJ., concur.

---

[2]While *Hardy* was a case in which evidence was improperly admitted, rather than an ineffective assistance claim, *Hardy* is instructive because the test for prejudice to the defendant is the same; whether there was a reasonable probability of a different result. *Compare Strickland*, 466 U.S. at 694, with *Hardy*, 133 Wn.2d at 712-13. In *Hardy* the case turned on the defendant's credibility because there was not overwhelming evidence against the defendant. The Washington State Supreme Court ruled that admission of Hardy's prior conviction damaged the defendant's credibility sufficiently that there was a reasonable probability that there would have been a different result had the conviction not been admitted. *Id.* at 713.