# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,          )          No. 71967-0-I
                              )
              Respondent,     )          DIVISION ONE
                              )
      v.                      )
                              )
JENNIFER L. MARKWITH,         )          UNPUBLISHED
                              )
              Appellant.      )          FILED: October 20, 2014
                              )

Cox, J. – Jennifer Markwith appeals her judgment and sentence for her convictions of residential burglary, second degree assault, and reckless endangerment. The giving of the court's instruction on reasonable doubt was harmless error. Markwith failed to preserve below the challenge to alleged propensity evidence that she now makes on appeal. Likewise, she failed to preserve below her challenge on appeal to the admission of evidence of uncharged conduct. She fails in her burden to show that trial counsel was ineffective. The record does not show any violation of her Fifth Amendment rights. The convictions for second degree assault and reckless endangerment do not violate double jeopardy under the circumstances of this case. We affirm.

In early 2012, Markwith lived with Yvonne Bell in Shelton, Washington. The two had been dating for about 10 years. They lived in the loft of a barn that they rented from Bell's friend, Angela Tecpile, and Tecpile's husband. Another tenant, Daniel Irwin, lived in the barn below the loft.

On the night of April 23, Bell went to Tecpile's house to sleep for the night because she and Markwith were having a disagreement. Markwith had accused Bell of sleeping with Tecpile. After a confrontation, Tecpile told Markwith that she was no longer welcome on the property.

The next morning, Markwith went to the house to talk to Bell. Another confrontation broke out between Markwith and Tecpile. The police arrested Tecpile, and released her about an hour later. Tecpile's husband picked Tecpile up and told her that he learned that Markwith had taken her Wii gaming system. Tecpile called 911 and upon returning home, she noticed that other items were missing.

After she finished checking her house, Tecpile, her husband, and Irwin left the house to go to the store. When they returned, they saw Markwith and Bell by the loft. Tecpile's husband positioned his car in such a way so as to block their exit. Tecpile called 911. Tecpile told Markwith to stay put and that the police were on their way.

Markwith got in her car. According to Irwin's testimony at trial, Markwith "stomped on the gas" and "floored it." Markwith drove straight toward the group—Tecpile, Bell, Irwin, and Tecpile's husband. Tecpile jumped out of the way. Markwith drove through a barbed wire fence. A piece of barbed wire and a fence post caught underneath the car. The wire caught the front wheel of Irwin's walker and knocked him over. He sustained minor injuries.

Markwith testified at trial that she ran through the fence to avoid hitting Tecpile's car, Tecpile, and Bell. She testified that it was her only way off of the property.

Based on these events, the State charged Markwith with residential burglary, second degree assault, and reckless endangerment. The case proceeded to a jury trial in late 2012. The jury returned guilty verdicts for each of the three charges.

Markwith appeals.

## JURY INSTRUCTION

Markwith argues that the trial court committed reversible error when it used a modified version of the standard jury instruction on reasonable doubt. She contends the instruction relieved the State of its burden of proof. We disagree.

"Instructions must convey to the jury that the State bears the burden of proving every essential element of a criminal offense beyond a reasonable doubt."[1] "Although no specific wording is required, jury instructions must define reasonable doubt and clearly communicate that the State carries the burden of proof."[2] It is reversible error to instruct the jury in a manner relieving the State of its burden to prove every element of a crime beyond a reasonable doubt.[3] A

---

[1] State v. Bennett, 161 Wn.2d 303, 307, 165 P.3d 1241 (2007).

[2] Id.

[3] Id.

challenged jury instruction is reviewed de novo, in the context of the instructions as a whole.[4]

In State v. Bennett, the supreme court instructed trial courts to use the approved Washington Pattern Jury Instruction, WPIC 4.01, to instruct juries on the State's burden to prove beyond a reasonable doubt each element of the crime.[5]

Eight months after Bennett, this court, in State v. Castillo, reversed a conviction where the trial court gave a completely nonstandard instruction.[6] There, the defendant proposed WPIC 4.01, but the trial court refused to provide it, stating that "the WPIC is goobley-gook [sic] in my mind."[7]

But erroneous modification of WPIC 4.01 does not automatically constitute reversible error.[8] Rather, this type of erroneous jury instruction is subject to a constitutional harmless error analysis.[9] Thus, a court may hold the error harmless if it is satisfied "'beyond a reasonable doubt that the jury verdict would

---

[4] Id.

[5] 161 Wn.2d 303, 306, 165 P.3d 1241 (2007) (citing 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 79 (2d ed. Supp. 2005) (WPIC)).

[6] 150 Wn. App. 466, 208 P.3d 1201 (2009).

[7] Id. at 470 (alteration in original) (internal quotation marks omitted).

[8] State v. Lundy, 162 Wn. App. 865, 871-73, 256 P.3d 466 (2011).

[9] Id. at 871-72.

4

have been the same absent the error.'"[10] "Even misleading instructions do not require reversal unless the complaining party can show prejudice."[11]

Here, unlike Castillo, the trial court did not give a completely nonstandard instruction. Rather, it provided an instruction that deviated slightly from WPIC 4.01. This WPIC provides:

> [The] [Each] defendant has entered a plea of not guilty. That plea puts in issue every element of [the] [each] crime charged. The [State] [City] [County] is the plaintiff and has the burden of proving each element of [the] [each] crime beyond a reasonable doubt. **The defendant has no burden of proving that a reasonable doubt exists [as to these elements].**

> A defendant is presumed innocent. This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt.

> A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly, and carefully considering all of the evidence or lack of evidence. [If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.][12]

Instruction 3 conformed to WPIC 4.01 except that it lacked the emphasized language above. Instruction 3 stated:

> The defendant has entered a plea of not guilty. That plea puts in issue every element of the crime charged. The State of Washington is the plaintiff and has the burden of proving each element of the crime beyond a reasonable doubt.

---

[10] Id. at 872 (internal quotation marks omitted) (quoting State v. Bashaw, 169 Wn.2d 133, 147, 234 P.3d 195 (2010)).

[11] Id.

[12] WPIC 4.01 (emphasis added).

A defendant is presumed innocent. This presumption continues throughout the entire trial unless during your deliberations you find it has been overcome by the evidence beyond a reasonable doubt.

A reasonable doubt is one for which a reason exists and may arise from the evidence or lack of evidence. It is such a doubt as would exist in the mind of a reasonable person after fully, fairly and carefully considering all of the evidence or lack of evidence. If, after such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt.[13]

No one objected to this incomplete instruction and, presumably, no one even noticed the discrepancy during the proceedings.

We conclude that Instruction 3's slight deviation from WPIC 4.01 was harmless error. Instruction 3 unequivocally stated that the State had the burden of proving each element of the crimes beyond a reasonable doubt. Additionally, it communicated the fundamental concept that Markwith was presumed innocent.

Moreover, Markwith does not explain how the omission of the emphasized language in the WPIC instruction caused her prejudice. This record does not show that the State ever attempted to shift the burden of proof by its arguments or otherwise. And Instruction 3 made it clear to the jury that the State had the burden of proof.

In sum, we are satisfied beyond a reasonable doubt that the jury verdict would have been the same absent the error.

Markwith argues that Instruction 3 "did not make the relevant standard manifestly apparent to the average juror" and "left open the possibility" that she

---

13 Clerk's Papers at 27.

had the burden of raising a reasonable doubt.[14] But for the reasons just discussed, we disagree.

Markwith relies on Castillo to assert that this deviation from WPIC 4.01 requires reversal.[15] But this court reversed in Castillo because the trial court provided a completely nonstandard instruction that suffered from several problems.[16] Additionally, in Castillo, the omission of the "defendant has no burden" sentence was significant because the State attempted to shift its burden of proof to the defendant.[17] Here, Markwith does not show any instance where the State engaged in such conduct. Her reliance on this case is not persuasive.

## DUE PROCESS

Markwith argues that her convictions were based in part on propensity evidence in violation of her Fourteenth Amendment right to due process. She contends that admission of such evidence was a manifest error affecting a constitutional right that she may raise the first time on appeal under RAP 2.5(a)(3). We disagree.

Generally, appellate courts will not review issues raised for the first time on appeal.[18] RAP 2.5(a)(3) permits a party to raise such a claim if it amounts to a "manifest error affecting a constitutional right." To determine the applicability of

---

[14] Appellant's Opening Brief at 12.

[15] Id. (citing Castillo, 150 Wn. App. at 473).

[16] See Castillo, 150 Wn. App. at 470-75.

[17] Id. at 473.

[18] Smith v. Shannon, 100 Wn.2d 26, 37, 666 P.2d 351 (1983).

RAP 2.5(a)(3), we must first determine whether the alleged error is constitutional.[19]

"Issues of constitutional interpretation and waiver are questions of law, which courts review de novo."[20]

Markwith asserts that her due process rights were violated because the admission of testimony that she broke the rear window of Bell's car the night before the incident, along with the absence of a limiting instruction, allowed the jury to convict her based in part on propensity evidence.[21] But such an assertion is based on ER 404(b), an evidentiary rule. And our supreme court has held that evidentiary errors under ER 404 are not of constitutional magnitude.[22]

To support her argument, Markwith relies on Garceau v. Woodford, a Ninth Circuit case.[23] But we are bound only by the decisions of our state supreme court and nonsupervisory decisions of the United States Supreme Court.[24]

---

[19] State v. Powell, 166 Wn.2d 73, 84, 206 P.3d 321 (2009).

[20] State v. Robinson, 171 Wn.2d 292, 301, 253 P.3d 84 (2011).

[21] Appellant's Opening Brief at 15-16.

[22] State v. Smith, 106 Wn.2d 772, 780, 725 P.2d 951 (1986) (citing State v. Jackson, 102 Wn.2d 689, 695, 689 P.2d 76 (1984)).

[23] Appellant's Opening Brief at 14-16 (citing Garceau v. Woodford, 275 F.3d 769, 775 (9th Cir. 2001), reversed on other grounds, 538 U.S. 202, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003)).

[24] In re Pers. Restraint of Crace, 157 Wn. App. 81, 98 n.7, 236 P.3d 914 (2010), reversed on other grounds, 174 Wn.2d 835, 280 P.3d 1102 (2012).

In any event, Markwith's reliance on <u>Garceau</u> is entirely unpersuasive. In that case, the court instructed the jury that evidence that Robert Garceau committed other crimes may be considered "*for any purpose*, including *but not limited to* . . . [Garceau's] *conduct on a specific occasion*."[25] The trial court rejected Garceau's objection to this instruction.[26] On appeal, the Ninth Circuit concluded that this jury instruction violated due process because it "rendered Garceau's trial so fundamentally unfair as to constitute a violation of the Due Process Clause."[27]

Here, in contrast, the instruction identified by Markwith, Instruction 1, did not specifically reference the evidence of Markwith's prior misconduct. Nor did it expressly instruct the jury that this evidence could be used to prove her conduct on a specific occasion. The court's instructions did not "'so infect[] the entire trial that the resulting conviction violate[d] due process.'"[28]

In sum, RAP 2.5(a)(3) does not apply and we decline to review Markwith's claim any further.

The State argues that even if this is constitutional error, it is not manifest and its admission was harmless error. It also argues that the evidence was not propensity evidence because it showed a continuing course of action by

---

[25] <u>Garceau</u>, 275 F.3d at 773.

[26] <u>Id.</u>

[27] <u>Id.</u> at 776.

[28] <u>Id.</u> at 775 (quoting <u>Estelle v. McGuire</u>, 502 U.S. 62, 72, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)).

Markwith. Because we hold that RAP 2.5(a)(3) does not apply, we need not address these arguments.

## EVIDENTIARY RULING

Markwith contends that the court erred when it denied her motion to exclude evidence that Markwith had intimidated Bell the night before the incident. She argues that admission of this evidence violated ER 404(b). We hold that Markwith failed to preserve this claim for review.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[29]

An appellate court reviews a trial court's evidentiary rulings for abuse of discretion.[30] An appellate court will overturn the trial court's rulings on the admissibility of evidence only if its decision was manifestly unreasonable, exercised on untenable grounds, or based on untenable reasons.[31]

"A party may only assign error in the appellate court on the specific ground of the evidentiary objection made at trial."[32] "An objection which does not specify

---

[29] ER 404(b).

[30] Cole v. Harveyland LLC, 163 Wn. App. 199, 213, 258 P.3d 70 (2011).

[31] Gorman v. Pierce County, 176 Wn. App. 63, 84, 307 P.3d 795 (2013), review denied, 179 Wn.2d 1010 (2014).

[32] State v. Guloy, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985).

the particular ground upon which it is based is insufficient to preserve the question for appellate review."[33]

This issue was not preserved for review. When Markwith asked the court to exclude any testimony from Bell about the preceding night and Bell's resulting intimidation and fear, defense counsel did not specify any evidentiary rule or basis for the request.

Further, any basis for the objection based on ER 404(b) was not apparent from the context. The prosecutor responded to Markwith's request by arguing that the evidence was relevant. And the court, after clarifying the request, concluded that the testimony was admissible. It stated, "I think it goes to—it goes, actually, one, to Ms. Bell's state of mind and also as to why she was in the home."[34] At no point in this exchange did defense counsel ever reference ER 404(b), the basis now asserted on appeal. The record reflects that all parties were focused on the issue of relevance, and a different basis for the objection was never clarified by defense counsel.

Because Markwith failed to object on the basis of ER 404(b) at trial, we do not review this claim.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Markwith asserts that she received ineffective assistance of counsel when defense counsel elicited testimony from Bell that Markwith had smashed the rear window of Bell's car. We disagree.

---

[33] Id.

[34] Report of Proceedings (November 27, 2012) at 113.

The right to counsel includes the right to effective assistance of counsel.[35] In order to prevail on an ineffectiveness claim, the defendant must prove that (1) counsel's performance was deficient and (2) the defendant was prejudiced by the deficient performance.[36] Counsel's performance was deficient if it fell below "an objective standard of reasonableness."[37] The defendant was prejudiced if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[38] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[39]

"Deficient performance is not shown by matters that go to trial strategy or tactics."[40] Reviewing courts make "every effort to eliminate the distorting effects of hindsight and must strongly presume that counsel's conduct constituted sound trial strategy."[41]

When the defendant claims ineffective assistance based on counsel's failure to challenge the admission of evidence, the defendant must show (1) an absence of legitimate strategic or tactical reasons supporting the challenged

---

[35] Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[36] Id. at 687.

[37] Id. at 688.

[38] Id. at 694.

[39] Id.

[40] State v. Saunders, 91 Wn. App. 575, 578, 958 P.2d 364 (1998).

[41] In re Pers. Restraint of Rice, 118 Wn.2d 876, 888-89, 828 P.2d 1086 (1992).

conduct; (2) that an objection to the evidence would likely have been sustained; and (3) that the result of the trial would have been different if the evidence had not been admitted.[42]

Markwith fails to show that defense counsel's performance was deficient. While Bell testified about Markwith smashing her car window, it does not appear that Markwith's attorney intended to elicit this testimony. Thus, this case is unlike State v. Saunders, upon which Markwith relies.[43] There, Lee Saunders' attorney elicited evidence of Saunders' prior conviction by directly asking Saunders if he had any prior convictions.[44]

Further, as the State points out, "accepting the testimony and moving past it had the tactical effect of deemphasizing it and diminishing its effect."[45]

Additionally, the trial court here had already ruled that this evidence was admissible. Thus, it is unlikely that any objection to Bell's response, or a motion to strike, would have been sustained.

Moreover, Markwith also fails to show prejudice by her counsel's performance. The jury heard ample evidence in support of Markwith's convictions, and Markwith cannot show a reasonable probability that the outcome at trial would have been different.

---

[42] Saunders, 91 Wn. App. at 578.

[43] 91 Wn. App. 575, 958 P.2d 364 (1998).

[44] Id. at 578.

[45] Brief of Respondent at 28.

13

Markwith also argues that defense counsel failed to propose a limiting instruction. But she does not cite authority or make argument specific to this claim. Thus, we do not consider it further.

## FIFTH AMENDMENT

Markwith argues that, at trial, a deputy made an improper comment on her post-arrest exercise of her privilege against self-incrimination during his testimony and that this comment violated due process. We disagree.

The State may not comment on a defendant's Fifth Amendment right to remain silent.[46] An impermissible comment on silence occurs when the State uses the defendant's silence "as substantive evidence of guilt or to suggest to the jury that the silence was an admission of guilt."[47] "A mere reference to silence, however, is not necessarily an impermissible comment and, therefore, not reversible constitutional error, absent a showing of prejudice."[48]

A direct comment, such as when a witness or state agent refers to the defendant's invocation of his or her right to remain silent, is reviewed for prejudice using a harmless error beyond a reasonable doubt standard.[49] An indirect comment, such as when a witness or state agent references a comment or action by the defendant which could be inferred as an attempt to exercise the right to remain silent, is reviewed using the lower, nonconstitutional harmless

---

[46] State v. Lewis, 130 Wn.2d 700, 705, 927 P.2d 235 (1996).

[47] Id. at 707.

[48] State v. Slone, 133 Wn. App. 120, 127, 134 P.3d 1217 (2006).

[49] State v. Pottorff, 138 Wn. App. 343, 346-47, 156 P.3d 955 (2007).

error standard to determine whether no reasonable probability exists that the error affected the outcome.[50]

Markwith challenges the following portion of the responding deputy's testimony:

> [PROSECUTOR]: Did—after this conversation, did Ms. Markwith say anything to you—regarding, you know, use of obscenities?
>
> [DEPUTY]: She got tired of my asking her questions real quick, started yelling obscenities at me, saying that I was a liar, and then she accused me for some reason of having drugs with the victim.
>
> [PROSECUTOR]: Of using drugs with the victim?
>
> [DEPUTY]: Right, and at that time I could not get anything out of her, so I just stopped any questioning.[51]

Assuming she can raise this issue for the first time on appeal, Markwith does not show that the deputy's testimony amounted to an impermissible comment on her silence. Viewing the testimony as a whole, the deputy did not directly reference Markwith's invocation of the right to remain silent, and the State did not elicit such testimony or use it as substantive evidence of guilt.

At most, this testimony amounts to an indirect comment on Markwith's right to remain silent. But even if the deputy's testimony could be characterized in this manner, it was not prejudicial. The State did not invite the jury to infer guilt from Markwith's response, and the State's closing argument did not focus on this portion of the testimony. Further, there was significant evidence of Markwith's

---

[50] Id. at 347.

[51] Report of Proceedings (November 27, 2012) at 141-42.

guilt presented at trial. In sum, Markwith fails to show that the alleged error affected the outcome at trial.

For the same reasons, we also reject Markwith's argument that her trial counsel was ineffective for failing to object to this testimony. Markwith cannot show either that her counsel was deficient for failing to object to this testimony, or that failure to object to this testimony was prejudicial.

The State contends that Markwith did not assert her right to remain silent. But we need not address this argument, given our previous discussion.

## DOUBLE JEOPARDY

Markwith argues that her convictions for second degree assault and reckless endangerment violated the constitutional protection against double jeopardy. Specifically, she contends both convictions stemmed from the same conduct. We hold that there was no double jeopardy violation.

"The Washington State Constitution, article I, section 9 provides the same protection against double jeopardy as the fifth amendment to the federal constitution."[52] The state and federal double jeopardy clauses protect against multiple punishments for the same offense, as well as against a subsequent prosecution for the same offense after acquittal or conviction.[53] "Where a defendant's act supports charges under two criminal statutes, a court weighing a

---

[52] In re Pers. Restraint of Orange, 152 Wn.2d 795, 815, 100 P.3d 291 (2004).

[53] Id.

16

double jeopardy challenge must determine whether, in light of legislative intent, the charged crimes constitute the same offense."[54]

When legislative intent is unclear, Washington follows the rule referred to as the "same evidence" rule or "same elements" rule.[55] This test is very similar to that set forth in Blockburger v. United States.[56] "'[T]he defendant's double jeopardy rights are violated if he or she is convicted of offenses that are identical both in fact and in law.'"[57] "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[58]

"Under Blockburger, we presume that the legislature did not intend to punish criminal conduct twice when 'the evidence required to support a conviction upon one of [the charged crimes] would have been sufficient to warrant a conviction upon the other."[59] "Accordingly, if the crimes, as charged

---

[54] Id.

[55] State v. Womac, 160 Wn.2d 643, 652, 160 P.3d 40 (2007).

[56] Id. (citing Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)).

[57] Id. (alteration in original) (quoting State v. Calle, 125 Wn.2d 769, 777, 888 P.2d 155 (1995)).

[58] Orange, 152 Wn.2d at 817 (emphasis omitted).

[59] State v. Freeman, 153 Wn.2d 765, 776-77, 108 P.3d 753 (2005) (emphasis omitted) (alteration in original) (internal quotation marks omitted) (quoting Orange, 152 Wn.2d at 820).

and proved, are the same in law and in fact, they may not be punished separately absent clear legislative intent to the contrary."[60]

"[O]ffenses are not constitutionally the same if there is any element in one offense not included in the other and proof of one offense would not necessarily prove the other."[61] "Washington courts, however, have occasionally found a violation of double jeopardy *despite* a determination that the offenses involved clearly contained different legal elements."[62]

Double jeopardy violations are constitutional issues reviewed de novo.[63]

Here, the State charged Markwith with second degree assault and reckless endangerment.

As for the assault charge, the State alleged in count two of the third amended information that Markwith "did intentionally assault another person, to wit: Angela Tecpile, with a deadly weapon to wit: a vehicle; contrary to RCW 9A.36.021(1)(c)."

The State also charged Markwith with reckless endangerment pursuant to RCW 9A.36.050(1). Count three of the third amended information alleges that Markwith "did recklessly engage in conduct which did create a substantial risk of death or serious physical injury to another person."

---

[60] Id. at 777.

[61] State v. Trujillo, 112 Wn. App. 390, 410, 49 P.3d 935 (2002).

[62] Womac, 160 Wn.2d at 652.

[63] Id. at 649.

A mere comparison of the legal elements of second degree assault and reckless endangerment shows that such elements are not the same.[64] Second degree assault brought under RCW 9A.36.021(1)(c) requires proof of an assault with a deadly weapon. The assault in this case required proof of "an act done with the intent to create in another apprehension and fear of bodily injury, and which in fact creates in another a reasonable apprehension and imminent fear of bodily injury even though the actor did not actually intend to inflict bodily injury."[65]

On the other hand, reckless endangerment requires proof that a person "recklessly engages in conduct not amounting to drive-by shooting but that creates a substantial risk of death or serious physical injury to another person."[66]

But a mere comparison of the legal elements of separate charges does not satisfy the controlling test for double jeopardy. As the supreme court clearly stated in State v. Freeman, "When applying the Blockburger test, we do not consider the elements of the crime on an abstract level."[67] Rather, we consider the elements as charged and proved.[68] Thus, the question in this case is

---

[64] See State v. Rivera, 85 Wn. App. 296, 299-300, 932 P.2d 701 (1997) (comparing the legal elements of a former version of first degree assault with the legal elements of a former version of reckless endangerment for double jeopardy purposes).

[65] Clerk's Papers at 40 (Court's Instruction 16).

[66] RCW 9A.36.050.

[67] 153 Wn.2d 765, 772, 108 P.3d 753 (2005).

[68] Id. at 777.

whether the elements of these two crimes, as charged and proved, violate double jeopardy.

The essence of Markwith's argument is that her reckless endangerment conviction was based on the same *act* of allegedly driving toward Tecpile that supported the second degree assault charge. In her reply, she further argues that the State misreads the record by claiming that it proved separate acts for the two separate charges. In her words, "both convictions may have been based on her assaulting and endangering Tecpile."

The chief problem with this argument is that even assuming that these charges were based on the same act or transaction, these crimes, as charged and proved, are not the same in law and fact.

As stated above, "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[69] "[O]ffenses are not constitutionally the same if there is any element in one offense not included in the other and proof of one offense would not necessarily prove the other."[70]

Here, these offenses are not constitutionally the same because they each require proof of a different mens rea. And proof of this element for one offense does not necessarily prove the other.

---

[69] Orange, 152 Wn.2d at 817 (emphasis omitted).

[70] Trujillo, 112 Wn. App. at 410.

As charged and proved in this case, the assault charge required proof that Markwith "inten[ded] to create in another apprehension and fear of bodily injury."

In contrast, the reckless endangerment charge required proof that Markwith "recklessly engage[d] in conduct that create[d] a substantial risk of death or serious physical injury to another person." The jury was instructed that a person "is reckless or acts recklessly" when she "knows of and disregards a substantial risk that a wrongful act may occur and this disregard is a gross deviation from conduct that a reasonable person would exercise in the same situation."[71] It was also instructed, "When recklessness as to a particular result or fact is required to establish an element of a crime, the element is also established if a person acts intentionally or knowingly as to that result or fact."[72]

Proof that Markwith "inten[ded] to create apprehension and fear of bodily injury," which is necessary to support the assault charge, does not necessarily prove that Markwith "[knew] of and disregard[ed]" a substantial risk that a wrongful act may occur or that she acted intentionally as to that result or fact. And proof that Markwith knew of and disregarded a substantial risk that a wrongful act would occur or acted intentionally as to that result, which is necessary to sustain the reckless endangerment charge, does not necessarily prove that Markwith intended to create apprehension and fear of bodily injury.

Accordingly, because the proof necessary to establish the mens rea required for each of these crimes does not necessarily prove the other, these

---

[71] Clerk's Papers at 44 (Court's Instruction 20).

[72] Id.

charges are not the same in law and fact. Thus, even assuming the charges were based on the same act or transaction, there is no double jeopardy violation.

Given this analysis, we need not address Markwith's arguments that these two charges were based on the same act or transaction. We also need not address the State's arguments that these were based on separate and distinct acts.

Markwith argues in her opening brief, "The jury was instructed that an act is reckless if it is also intentional. Thus, the mens rea element necessary to convict on the assault charge was also sufficient to convict on the reckless endangerment charge." But this is incorrect. The jury was instructed that recklessness *as to a particular result or fact* may be established "if a person acts intentionally or knowingly as to that result or fact."[73] Further, this does not address the fact that assault requires intent to cause apprehension or fear, while reckless endangerment requires knowledge or intent of a substantial risk of harm. Thus, this argument is not persuasive.

In her reply brief, Markwith argues, "When attacked with a car, a person who reasonably fears imminent bodily injury necessarily suffers a substantial risk of serious physical injury, if not of death." Accordingly, she argues that the evidence in this case establishing Tecpile's reasonable apprehension and imminent fear of bodily injury also proves substantial risk of death or serious physical injury. But this argument does not address the mens rea required to establish these crimes. This is also not persuasive.

---

[73] Id. (Court's Instruction 20) (emphasis added).

Markwith fails in her burden to show an actual double jeopardy violation.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

_Trickoy, J_

_Jay, J_