# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71012-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES THOMAS WOODRUFF, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 10, 2014 |
| | ) | |

VERELLEN, A.C.J. — James Woodruff appeals from his convictions of both first and second degree robbery. He contends that his defense counsel's failure to object to evidence of purported prior misconduct constitutes ineffective assistance. But Woodruff fails to demonstrate that his defense counsel's performance was deficient. Neither does he establish a reasonable probability that the outcome would have been different if the evidence had not been admitted. Woodruff's other claims in his pro se statement of additional grounds are unpersuasive. We therefore affirm the convictions.

## FACTS

Woodruff and three other individuals went to a hotel and robbed two individuals. Woodruff left the hotel in one victim's car. Police later apprehended Woodruff, finding several items belonging to a victim on Woodruff's person. During police questioning, Woodruff initially denied any knowledge of the robbery but later

admitted to participating in it. Woodruff later made two written statements to police, admitted as evidence at trial, in which he denied any involvement in the robbery. At trial, Detective Glenn Chissus testified that Woodruff said, "I'm guilty," "I'm fucked," and "I'm not getting out this time."[1] Woodruff's defense counsel did not object to the admission of these statements. During cross-examination, Detective Chissus admitted that he had paraphrased, "I'm fucked" and "I'm not getting out this time" and only directly quoted, "I'm guilty."[2]

Woodruff was charged and convicted by a jury of both first and second degree robbery.

Woodruff appeals.

## ANALYSIS

Woodruff contends that defense counsel's failure to object to the detective's testimony regarding Woodruff's oral statement, "I'm not getting out this time," constitutes ineffective assistance because that testimony implicated Woodruff in prior bad acts, precluded by Evidence Rule (ER) 404(b). We disagree.

We review ineffective assistance of counsel claims de novo.[3] Woodruff must show both that his counsel's performance was deficient and that he was prejudiced.[4] To prevail on a claim that defense counsel's failure to object to ER 404(b) testimony constituted ineffective assistance, Woodruff must establish that (1) no legitimate

---

[1] Report of Proceedings (RP) (Sept. 4, 2013) at 221-22.

[2] Id. at 272-75.

[3] State v. White, 80 Wn. App. 406, 410, 907 P.2d 310 (1995).

[4] Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

strategic or tactical reasons supported the challenged conduct, (2) an objection to that evidence would likely have been sustained, and (3) the outcome would have been different had the evidence not been admitted.[5]

Generally, the decision of when or whether to object to the admission of evidence "is a classic example of trial tactics" that does not support an ineffective assistance claim.[6] Exceptional deference is given "when evaluating counsel's strategic decisions."[7] "Only in egregious circumstances, on testimony central to the State's case, will the failure to object constitute incompetence of counsel justifying reversal."[8] The tactic or strategy must be reasonable.[9]

Here, Woodruff's counsel did not object to the admission of testimony that Woodruff said, "I'm not getting out this time." Woodruff contends that it was unreasonable for his defense counsel not to object because this evidence improperly suggested Woodruff had committed a similar crime in the past and avoided punishment. But his defense counsel's failure to object was a reasonable, tactical decision.

The record demonstrates that by not objecting to the statement, defense counsel was able to attack the detective's credibility and the reliability of evidence stemming from the investigation. When cross-examining Detective Chissus, defense

---

[5] State v. Saunders, 91 Wn. App. 575, 578, 958 P.2d 364 (1998).

[6] State v. Madison, 53 Wn. App. 754, 763, 770 P.2d 662 (1989).

[7] State v. McNeal, 145 Wn.2d 352, 362, 37 P.3d 280 (2002); see also State v. Kyllo, 166 Wn.2d 856, 862, 215 P.3d 177 (2009) ("There is a strong presumption that counsel's performance was reasonable.").

[8] Madison, 53 Wn. App. at 763.

[9] State v. Grier, 171 Wn.2d 17, 34, 246 P.3d 1260 (2011).

counsel attempted to challenge the veracity of the detective's police report and to create reasonable doubt as to whether Woodruff actually made any inculpatory statements. Defense counsel was able to undermine the detective's credibility by eliciting the detective's admission that he paraphrased two of Woodruff's statements: "I'm fucked" and "I'm not getting out this time." Defense counsel was also able to establish that the detective chose not to record his conversation with Woodruff, despite the ability to record interviews with criminal suspects.[10] Further, defense counsel was able to question the reliability of the detective's testimony about Woodruff's oral statements because Woodruff had later denied any involvement in the robbery in two written statements.

In closing argument, counsel intimated that both the investigation's reliability and the detective's credibility should be viewed with caution because the detective had not recorded Woodruff's interview when he had the ability to do so and had paraphrased some of Woodruff's statements. Further, with or without an ER 404(b) objection to the "I'm not getting out this time" statement, Woodruff's "I'm guilty" admission was before the jury. Under all these circumstances, it was a reasonable tactic to try to attack the credibility of the detective's recollection, including his acknowledgement that he paraphrased two of the alleged statements. Defense counsel's failure to object was a reasonable, tactical decision.[11] Accordingly,

---

[10] The police chose to record interviews with two other individuals involved in the robbery but not with Woodruff.

[11] Woodruff's defense counsel also "may have decided that an objection would draw [undue] attention" to the potentially inadmissible evidence he sought to exclude. State v. Gladden, 116 Wn. App. 561, 568, 66 P.3d 1095 (2003). By not objecting to the admission of the detective's testimony, jurors were less likely to place undue

4

Woodruff has not demonstrated that his defense counsel's performance was deficient.

Additionally, even assuming that defense counsel's performance was deficient, Woodruff's ineffective assistance claim still fails because Woodruff cannot show it is reasonably likely that the outcome would have been different had the statement not been admitted.[12]

"The likelihood of a different result must be substantial, not just conceivable."[13] The prejudicial effect of the admission of purported propensity evidence "is viewed against the backdrop of the evidence in the record."[14] No prejudice results when there is overwhelming evidence of guilt in the record.[15]

Here, the statement, "I'm not getting out this time," is at most a mild reference to prior misconduct. Nothing about the statement indicates that Woodruff had committed a prior robbery. But even if viewed as a prior bad act, there is other overwhelming evidence of guilt.[16] Woodruff drove the victim's car. Police found a

---

weight on that evidence and therefore, in this case, "the failure to object can be described as a legitimate trial tactic." Id.

[12] See Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 792, 178 L. Ed. 2d 624 (2011); see also State v. Hardy, 133 Wn.2d 701, 712, 946 P.2d 1175 (1997).

[13] Harrington, 131 S. Ct. at 792.

[14] Saunders, 91 Wn. App. at 580.

[15] State v. Hendrickson, 129 Wn.2d 61, 80, 917 P.2d 563 (1996).

[16] E.g., id. (concluding that "[t]he evidence in the record powerfully support[ed] Hendrickson's guilt on the delivery count[,]" despite defense counsel's failure to object to admission of Hendrickson's prior drug convictions); but see Saunders, 91 Wn. App. at 580 (concluding that the evidence against Saunders was not overwhelming to support his conviction for possession of illegal substances, despite defense counsel's admission of Saunders's prior drug conviction on direct examination).

victim's personal property on Woodruff's person. Several of the participants in the robbery testified that Woodruff participated in the robbery. And Woodruff's admission of "I'm guilty" is not precluded by ER 404(b). Given the overwhelming evidence of Woodruff's guilt, it is not reasonably likely that the outcome would have been different had the statement, "I'm not getting out this time," not been admitted. Accordingly, Woodruff has not shown prejudice and his ineffective assistance claim fails.

Woodruff raises several issues in his pro se statement of additional grounds. He first contends that his federal and state constitutional confrontation rights were violated because a victim did not testify and Woodruff was thus unable to cross-examine him.[17] But Woodruff misunderstands the nature of the confrontation clause. The right to confront witnesses applies to prohibit the admission of out-of-court statements that are offered to prove the truth of the matter asserted.[18] Because the trial court did not admit any out-of-court statements made by the victim, Woodruff's confrontation rights were not violated.

Woodruff contends that the court staff engaged in misconduct by allegedly discussing the case in front of jurors. The trial court investigated this alleged misconduct and found that "none of the jurors . . . saw or heard anything" related to the alleged misconduct.[19] Therefore, Woodruff fails to demonstrate that he was prejudiced by the alleged misconduct.

---

[17] See U.S. CONST. amend. VI; WASH. CONST. art. I, § 22.

[18] 5C KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 1300.9, at 498-99 (5th ed. 2007).

[19] RP (Sept. 4, 2013) at 260-61.

Woodruff contends that he received ineffective assistance when his defense counsel failed to allow Woodruff to view discovery. But Woodruff did in fact review the discovery and, thus, he fails to demonstrate ineffective assistance.[20]

Woodruff contends that his appellate counsel filed an inaccurate brief. But Woodruff fails to demonstrate any prejudice because we determine whether the record supports the parties' contentions. And we have not relied upon any of the alleged inconsistencies cited by Woodruff that appellate counsel included in the opening brief.[21]

Woodruff contends that because a man was seen in the courtroom allegedly threatening a witness as he testified, the jury may have drawn an inference that Woodruff tampered with a witness. Here, corrections staff informed the State of this matter, and the State brought it to the court's attention. The trial court advised counsel to notify it in the future if any alleged witness tampering occurred. Woodruff's counsel did not request a jury instruction or make a motion for mistrial. Woodruff therefore fails to provide any basis for relief on appeal.

Woodruff contends that he should not have been found guilty of second degree robbery under an accomplice liability instruction because none of the other participants in the robbery were charged with second degree robbery. But he provides no authority that how the other participants in the robbery were charged makes any difference to his accomplice liability, and he does not contend that

---

[20] See Strickland, 466 U.S. at 687.

[21] See Norton v. U.S. Bank Nat'l Ass'n, 179 Wn. App. 450, 463, 324 P.3d 693 (2014), review denied, 180 Wn.2d 1023, 328 P.3d 903 (2014).

insufficient evidence supports his conviction for second degree robbery. Therefore, Woodruff fails to establish any basis for relief on appeal.

Woodruff presents no legal argument or authority to support his remaining claims (grounds 4, 5, 6, and 9). We need not consider such vague claims.[22]

We affirm.

WE CONCUR:

---

[22] RAP 10.10(c) ("[T]he appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors.").