# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72399-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| HAROLD HOLLAND BAIN, JR., | ) | |
| | ) | |
| Appellant. | ) | FILED: September 28, 2015 |

TRICKEY, J. — A jury convicted Harold Bain, Jr. of three counts of first degree trafficking in stolen property. On appeal, he contends that he was deprived of his right to receive a fair trial and his right to receive effective assistance of counsel. Finding that neither right was violated, we affirm.

## FACTS

On the morning of November 12, 2013, a co-owner of the Lynnwood Food Mart discovered evidence of a break-in: a window was broken, cigarettes were on the floor, and lottery tickets were missing. Surveillance footage from the store's security cameras showed a person forcibly enter the store before it was open for business and steal a number of lottery tickets just before 5:30 a.m. Washington State Lottery officials were promptly notified of the theft.

At 5:47 a.m., Bain redeemed some of the stolen tickets at a nearby Circle K gas station. A surveillance camera captured the transaction.

At 6:13 a.m., Bain attempted to redeem the remaining stolen tickets at a nearby AVS Gas and Groceries. The store, however, did not have sufficient cash to redeem all of the tickets, and so Bain redeemed only some of the tickets. Again, a surveillance camera captured the transaction.

At approximately 6:30 a.m., Bain redeemed more of the stolen tickets at a nearby 7-Eleven convenience store. After doing so, he purchased coffee and a donut. Again, a surveillance camera captured the transactions.

Two days later, on November 14, two Snohomish County sheriff's deputies contacted Bain, who agreed to answer their questions regarding stolen lottery tickets. When asked whether he remembered cashing or redeemed lottery tickets in the previous few days, Bain answered that he did not. Yet, when Bain was shown a still image captured from one of the surveillance videos, he acknowledged that the person in the picture was him and that he had, in fact, redeemed lottery tickets in the previous few days.

When asked how he had acquired the tickets, Bain responded that he had purchased them from a man in his late 30s who Bain referred to as "Davies."[1] Bain stated that he had purchased the tickets from Davies for "50 cents on the dollar."[2] When asked to explain how the tickets could be sold profitably at such a discounted rate, Bain said that "he thought that they might have walked out the back door of a mini mart."[3] However, Bain said that he did not know that the tickets were stolen.

On June 23, 2014, the State charged Bain by amended information with three counts of first degree trafficking in stolen property under RCW 9A.82.050.[4]

A jury trial was held on July 7 and 8, 2014. Following the close of evidence, the jury was instructed on both first degree trafficking in stolen property and the lesser

---

[1] 2 Report of Proceedings (RP) at 28-29.
[2] 2 RP at 31.
[3] 2 RP at 32.
[4] This provision provides, in pertinent part, for the following: "A person who knowingly initiates, organizes, plans, finances, directs, manages, or supervises the theft of property for sale to others, or who knowingly traffics in stolen property, is guilty of trafficking in stolen property in the first degree." RCW 9A.82.050(1).

included offense of second degree trafficking in stolen property. The jury returned guilty verdicts on all three charged counts.

Bain appeals.

ANALYSIS

Prosecutorial Misconduct Claim

Bain asserts there were two instances of prosecutorial misconduct during the State's closing argument, both of which, he argues, constitute reversible error. Bain acknowledges that neither instance of alleged misconduct was objected to by counsel.

The Sixth and Fourteenth Amendments to the United States Constitution, as well as article I, section 22 of the Washington State Constitution, guarantee a defendant the fundamental right to a fair trial. Estelle v. Williams, 425 U.S. 501, 503, 96 S. Ct. 1691, 48 L. Ed. 2d 126 (1976); State v. Finch, 137 Wn.2d 792, 843, 975 P.2d 967 (1999). Prosecutorial misconduct may deprive a defendant of this right. State v. Davenport, 100 Wn.2d 757, 762, 675 P.2d 1213 (1984).

Prosecutorial misconduct constitutes a ground for reversal if the defendant can demonstrate that the challenged conduct was both improper and resulted in prejudice. State v. Monday, 171 Wn.2d 667, 675, 257 P.3d 551 (2011). Because Bain's attorney did not object to either one of the allegedly improper statements made by the prosecutor during closing arguments, Bain "is deemed to have waived any error, unless the prosecutor's misconduct was so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice." State v. Emery, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012). Bain therefore has the burden of establishing that "(1) 'no curative instruction would have obviated any prejudicial effect on the jury' and (2) the misconduct resulted in

prejudice that 'had a substantial likelihood of affecting the jury verdict.'" Emery, 174

Wn.2d at 761 (quoting State v. Thorgerson, 172 Wn.2d 438, 455, 258 P.3d 43 (2011)).

Reviewing courts "focus less on whether the prosecutor's misconduct was flagrant

or ill intentioned and more on whether the resulting prejudice could have been cured."

Emery, 174 Wn.2d at 762. Furthermore, alleged misconduct is reviewed "within the

context of the prosecutor's entire argument, the issues in the case, the evidence

discussed in the argument, and the jury instructions." State v. Dhaliwal, 150 Wn.2d 559,

578, 79 P.3d 432 (2003).

First, Bain asserts that "the prosecutor misstated the law as it pertained to the

knowledge element under RCW 9A.82.050."[5] Specifically, Bain takes issue with the

following remarks:

> If a person has information that would lead a reasonable person in the same situation to believe that a fact or circumstance exists, the jury is permitted, but not required to find that she or he acted with knowledge of that circumstance. This is called a permissible inference. A reasonable person, permissible inference. Ladies and gentlemen, there's no evidence before you that the Defendant suffers from some mental defect or is otherwise not a person you should hold up to the normal, average, reasonable person inference. I think in this case to do that would not be to employ the law as you have been charged to do so as jurors. I do believe that the evidence shows that a reasonable person, even if Mr. Bain would not have uttered "I think they moved out the back of a mini mart," if he just never said that phrase, even though actually admitted that to the detective, just given the circumstances that Mr. Davies, some nondescript individual in the very early morning hours, the circumstances that we'll discuss here in a little bit more detail, that any person, any reasonable person confronted with those circumstances would have been reasonably aware that he or she acted with knowledge in later transferring those of those underlying circumstances, that they were moved out the back door, that they were either wrongfully obtained or passed over by someone exerting unauthorized control of them.[6]

---

[5] Br. of Appellant at 7.
[6] 2 RP at 92.

"In other words," Bain argues, "the prosecutor informed the jury that, unless it found Bain suffered a mental defect or was in some other way not an ordinary individual, the law required the jury to infer Bain was a reasonable person who acted knowingly."[7]

Washington's culpability statute is RCW 9A.08.010. It defines "knowledge" as follows:

> (b) KNOWLEDGE. A person knows or acts knowingly or with knowledge when:
> (i) he or she is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or
> (ii) he or she has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an offense.

RCW 9A.08.010(1)(b)(i), (ii). Our Supreme Court has interpreted subsection (b)(ii) of the statute to mean that a jury is permitted—but not compelled—to find that a defendant acted with knowledge if it finds that an ordinary person would have had knowledge under the circumstances. State v. Shipp, 93 Wn.2d 510, 516, 610 P.2d 1322 (1980). In other words, the court has "held that there cannot be a mandatory presumption of knowledge based upon one's receipt of certain information because it would not allow a jury to take into account the subjective intelligence or mental condition of the defendant." State v. Johnson, 119 Wn.2d 167, 174, 829 P.2d 1082 (1992).

Inelegant though they were, the prosecutor's remarks concerning the element of knowledge do not constitute reversible error. The prosecutor may have confused the jury, and may have even mischaracterized the applicable law. However, had Bain's counsel timely objected and requested a curative instruction, the trial judge would have only

---

[7] Br. of Appellant at 8 (emphasis omitted).

5

needed to remind the jury to follow jury instruction 15.[8] Such a curative instruction would have obviated any possible prejudice where the prosecutor did not elsewhere suggest that the jury was obligated, rather than merely permitted, to infer knowledge. Cf. State v. Allen, 182 Wn.2d 364, 376, 341 P.3d 268 (2015) (where the prosecutor repeatedly misstated the law with regard to "knowledge" and accomplice liability, the court found a substantial likelihood that the misconduct had prejudiced the defendant).

Second, Bain asserts that the prosecutor improperly made use of the prestige of his public office in an effort to influence the jury. Bain directs our attention to the following portion of the trial transcript:

> You've listened to all the facts and now you, as jurors, have to do your jobs. All that I would counsel you as, as I counseled you at the beginning, please be guided by those instructions. . . . I would counsel you and request you, based upon the evidence, to return verdicts of guilty in this matter to the charges as charged, trafficking in the first degree.[9]

According to Bain, "[b]y 'counseling' the jury to reach a guilty verdict, the prosecutor took on the role of a formal advisor to the jury, unfairly aligning the jurors to his view of the case."[10] We disagree. In this context, the prosecutor's use of several variants of the verb "counsel" created no special relationship between the prosecutor and the jury. No appellate relief is warranted.

---

[8] In pertinent part, jury Instruction 15 reads: "If a person has information that would lead a reasonable person in the same situation to believe that a fact or circumstance exists, the jury is permitted but not required to find that he or she acted with knowledge of that fact or circumstance." Clerk's Papers (CP) at 249. This instruction comes from Washington Pattern Jury Instructions: Criminal 10.02, which was upheld as constitutional by our Supreme Court in State v. Leech, 114 Wn.2d 700, 709-10, 790 P.2d 160 (1990).

[9] 2 RP at 103-04.

[10] Br. of Appellant at 14.

6

Ineffective Assistance of Counsel Claim

Bain next claims that his counsel rendered ineffective assistance because counsel did not object to either one of the allegedly improper remarks made by the prosecutor during the State's closing argument. We disagree.

To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Nichols, 161 Wn.2d 1, 8, 162 P.3d 1122 (2007). Deficient performance is that which falls "below an objective standard of reasonableness based on consideration of all the circumstances." State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). To establish prejudice, a defendant must show by "a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different." Nichols, 161 Wn.2d at 8. If a party fails to satisfy either the deficiency or the prejudice prong, a reviewing court need not consider the other. State v. Foster, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

Bain cannot establish a reasonable likelihood that the outcome would have been different had counsel objected to either instance of alleged misconduct. As explained, only the remarks made in reference to the element of knowledge appear to be irregular. Yet, there is no evidence in the record that the jury was influenced by these remarks.

Nevertheless, Bain argues that the facts did "not overwhelmingly establish Bain did in fact subjectively know the tickets were stolen," noting that "[t]here was only circumstantial evidence that Bain knew the tickets were stolen."[11] However, the jury was

---

[11] Br. of Appellant at 11.

instructed that "[t]he law does not distinguish between direct and circumstantial evidence in terms of their weight or value in finding the facts in this case. One is not necessarily more or less valuable than the other."[12]

In effect, Bain argues that he was prejudiced because there is a *possibility* that the outcome would have been different had counsel objected. But mere possibility is not the applicable standard. Rather, Bain must show a reasonable probability that the outcome would have been different. This he has not done. Consequently, he is not entitled to the relief he requests.[13]

Affirmed.

Trickey, J

WE CONCUR:

Spearman, C.J.                    Leach, J.

---

[12] CP at 237 (jury instruction 3).

[13] In a statement of additional grounds, Bain provides four additional grounds for review. In each, he asserts that his attorney did not heed his request that she object to certain testimony. While Bain does not identify the nature of his claims or his desired relief, it appears that his claims are of ineffective assistance of counsel. In order to prevail on a claim that counsel's failure to object to witness testimony constituted ineffective assistance, Bain must establish that (1) no legitimate strategic or tactical reasons supported the challenged conduct, (2) an objection to the evidence would likely have been sustained, and (3) the jury verdict would have been different had the evidence not been admitted. State v. Saunders, 91 Wn. App. 575, 578, 958 P.2d 364 (1998). Bain does not attempt to establish the absence of legitimate strategic or tactical reasons for the challenged conduct. No relief is warranted.